On the trial of the cause below several questions were made. Only one was decided by his Honor, and as we concur with him in his opinion on that point, we have not, as it would otherwise have been our duty to do, looked into the others. His Honor decided that the deed from Alexander to Joseph H. Wilson, under which the defendant claimed title, was void, as being made without any authority in law. The objection is that the power given by the Legislature to a sheriff to make title to lands sold by his successor in office is a special one, and must be strictly pursued. In this case the purchase money bid by Wilson, the purchaser, was not paid to McConapay, the officer by whom the purchase was made, but to Alexander, his successor in office. If the latter had any authority in law to receive it, then his deed might be good; if he had no such authority, it is not. All the acts which have been passed by the Legislature on this subject confine the power of a sheriff, out of office, to execute a deed for land sold by him while in office to the case where the money has been paid. This is the language of the act of 1784, the first on the subject. It provided that "Where a sheriff or coroner has heretofore sold any lands, etc., and has not executed deeds for the same, such sheriff or coroner, though he be now out of office, shall and he is hereby (434) required to seal and execute a deed of bargain and sale for such lands to such person or persons who have purchased at vendue andpaid the money for the same"; and, "In case of his death or removal out of the State, then his successor is to make the deed as is herein next before directed." The same direction is contained in the act of 1799 and in that of 1838; the acts differing only in extending the provisions on the subject to deeds made after the periods of their respective passage as well as to those made before. Through all these acts, then, the same provision is found, that when a sheriff makes a sale of land under an execution which has begun to run, and his term of office expires, he can make a deed or conveyance of it if the purchaser has paid the money. The payment of the money is a condition, and it must be paid to him, as he is the only officer of the law authorized to receive it. In this case the execution had begun to be executed by McConapay. He had levied the fieri facias upon the land in question, the venditioni exponas had been directed to him, and under it he sold and returned to the court that the money was not paid by the purchaser. The new sheriff, Alexander, was not the returning officer, and had no process nor power to receive the money. The money was not received by him in his official character. The authority which sheriffs have to execute a conveyance under such circumstances is derived solely from the acts above referred to. It is a *Page 301 
special delagation [delegation] of power, and must be strictly pursued. If one departure from the requirements of the law is permitted, it will necessarily introduce others, until at length the law as established by legislative will will give way and be superseded by the law of convenience. If it were necessary to investigate this case further, there are discrepancies between the return of the old sheriff, McConapay, and the deed of the new sheriff, Alexander, which would require explanation. But, believing as we do, that the authority given to Alexander by the act of 1838 was a special one, and being of opinion that the case had not arisen (435) in which he had any power to make the deed under which the defendant claims, we are of opinion that it is void and conveyed to the defendant no title.
PER CURIAM. No error.
Cited: Isler v. Andrews, 66 N.C. 555; Edwards v. Tipton, 77 N.C. 224;Cook v. Pittman, 144 N.C. 531.